UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MULTIBANK 2010-1 SFR VENTURE LLC,<br><br>           Plaintiff,<br><br>v.<br><br>BRADLEY K. SAUNDERS and STEPHENIA A. SAUNDERS,<br><br>           Defendants. | 2:11-CV-1245 JCM (CWH) |

**ORDER**

Presently before the court is defendants Bradley and Stephanie Saunders' motion to dismiss for lack of subject matter jurisdiction. (Doc. #13). Plaintiff Multibank filed an opposition to the motion to dismiss. (Doc. #16). The defendants filed a reply. (Doc. #17).

<u>Background</u>

The present case stems from an alleged breach of contract. On or about August 16, 2007, the Saunders entered into a loan agreement with Silver State Bank, a Nevada state chartered bank ("Silver State"), and executed a promissory note and a deed of trust ("loan documents") in the amount of $2,225,000. The proceeds from the loan were to be used to construct a residence in Las Vegas. The loan documents provided that loan disbursements were contingent on the Saunders not being in default in any respect, including the Saunders complying with completion deadlines. Between September 26, 2007, and August 14, 2008, Silver State disbursed loan proceeds to the Saunders in the amount of $1,177,054.49.

**James C. Mahan**
**U.S. District Judge**

1    The Saunders agreed to complete construction by July 31, 2008. On July 17, 2008, the
2    Saunders and Silver State agreed to extend the construction period to November 1, 2008. On
3    September 5, 2008, the Saunders were notified that Silver State had failed and the FDIC was
4    appointed as receiver for the bank.

5    The construction was not complete by November 1, 2008. On December 12, 2008, the FDIC
6    funded the Saunders' in the amount of $427,441.58, and thereafter did not make another payment
7    to the Saunders. The construction was completed on January 16, 2009. Beginning September 1,
8    2009, the Saunders stopped making required interest payments on the loan.

9    On March 17, 2010, the FDIC formed Multibank as a limited liability company. The FDIC
10   owned 100% equity interest in Multibank. On April 1, 2010, the FDIC and Multibank entered into
11   a mortgage loan contribution and sale agreement. Pursuant to the agreement, the FDIC sold all of
12   the right, title and interest in and to the Silver State loan portfolio to Multibank, except for expressly
13   excluded liabilities. Also on April 1, 2010, the FDIC sold a 50% equity interest in Multibank to
14   RoundPoint Ventures I, LLC, pursuant to the terms of a limited liability company interest sale and
15   assignment agreement. When the Saunders' loan was sold to Multibank, the Saunders were already
16   in default.

17   On February 18, 2011, the Saunders initiated an American Arbitration Association (AAA)
18   proceeding against Multibank. The Saunders alleged that Multibank breached the promissory note
19   and loan agreement by failing to pay the Saunders the undisbursed loan funds in the approximate
20   amount of $670,543.45. On August 2, 2011, less than a week after the Saunders served their
21   amended arbitration demand, Multibank filed the instant complaint. The complaint (doc. #1)
22   contains two claims for relief, including (1) declaratory judgment under 28 U.S.C. § 2201, and (2)
23   preliminary and permanent injunctive relief. The Saunders filed the instant motion to dismiss (doc.
24   #13), for lack of subject matter jurisdiction.

25                                    Discussion
26   Under Fed. R. Civ. P. 12(b)(1), the court must dismiss any claim over which it lacks subject
27   matter jurisdiction. *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 954 (9th Cir.2011).
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Original jurisdiction exists when a case is "founded on a claim or right arising under the Constitution, treaties or laws of the United States," or when the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1331; 28 U.S.C. § 1332(a). When establishing subject matter jurisdiction, "the district court is not confined by the facts contained in the four corners of the complaint—it may consider [other] facts and need *not* assume the truthfulness of the complaint." *Americopters, LLC v. F.A.A.,* 441 F.3d 726, 732 n. 4 (9th Cir. 2006) (emphasis in original).

In the present motion to dismiss (doc. # 13), the Saunders argue that the court lacks subject matter jurisdiction because there is neither diversity jurisdiction under 28 U.S.C. § 1332 nor federal question jurisdiction under 28 U.S.C. § 1331. This court finds, however, that federal question jurisdiction exists because Multibank's cause of action arises under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). 12 U.S.C. § 1821.

Congress' main purposes in enacting FIRREA, was to ensure that the assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution, and to "expeditiously wind up the affairs of failed banks." *McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1079 (9th Cir. 2003). "FIRREA contains an exhaustion requirement applicable to claims against the assets of a failed depository institution in FDIC receivership." *Carlyle Towers Condo. Ass'n, Inc. v. F.D.I.C.,* 170 F.3d 301, 305 (2d Cir. 1999). Accordingly, FIRREA constrains judicial review as follows:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
>
> (i) any claim or action for *payment from*, or any action seeking a *determination of rights with respect to*, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim *relating to* any act or omission of such institution or the Corporation as receiver.

§ 1821(d)(13)(D) (emphasis added).

The text of § 1821(d)(13)(D) plainly states that *any* claim or action that asserts a right to assets of a failed institution is subject to exhaustion. *McCarthy v. F.D.I.C.*, 348 F.3d 1075, 1077 (9th Cir. 2003) (emphasis in original). FIRREA's exhaustion requirement is not limited to creditors, nor does it exclude debtors. *Id.* Furthermore, the phrase "except as otherwise provided in this subsection" refers to a provision that allows jurisdiction after the administrative claims process has been completed. *Id.* at 1078. The only special exceptions to FIRREA's exhaustion requirement the Ninth Circuit has recognized are claims made in connection with bankruptcy proceedings or arising out of a breach of contract fully performed by the aggrieved party, but not repudiated by the receiver. *Id.* Apart from these exceptions all claims or actions must be submitted for administrative resolution. *Id.* In addition, post-receivership claims arising out of acts by the receiver as well as by the failed institution are also subject to exhaustion. *Id.*

Multibank asserts that FIRREA bars the Saunders' right to seek arbitration of their claims. Multibank argues that because all of the Saunders' arbitration claims relate to the acts and omissions of the failed institution and its receiver, they are governed by § 1821(d). Accordingly, the Saunders cannot avoid FIRREA's claims process. The Saunders did not comply with FIRREA, thus Multibank filed the instant complaint. Multibank argues that the mere fact that Multibank was not the original borrower and is not the FDIC, but instead purchased assets from the FDIC, does not prevent application of FIRREA's exhaustion requirements to the Saunders' claims.

Furthermore, Multibank seeks a declaratory judgment on this issue of federal law, and a preliminary and permanent injunction preventing the Saunders' from proceeding in arbitration. Accordingly, Multibank's claims for relief are based exclusively on FIRREA. Thus, this court has original jurisdiction because Multibank's cause of action is founded on a claim arising under the laws of the United States. *See* § 1331.

Therefore, Multibank's cause of action presents a federal question that is appropriately resolved by this court. Because this court has federal question jurisdiction pursuant to § 1331, it is not necessary for Multibank to establish diversity jurisdiction.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants Bradley and Stephanie Saunders' motion to dismiss for lack of subject matter jurisdiction (doc. #13) be, and the same hereby is, DENIED.

DATED October 20, 2011.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**