1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MULTIBANK 2010-1 SFR VENTURE LLC,

            Plaintiff,

v.

BRADLEY K. SAUNDERS and STEPHENIA A. SAUNDERS,

            Defendants.

2:11-CV-1245 JCM (CWH)

**ORDER**

Presently before the court is plaintiff Multibank 2010-1 SFR Venture, LLC's motion for a preliminary injunction.  (Doc. #10).  Defendants Bradley K. Saunders and Stephanie A. Saunders have filed an opposition (doc. #14), to which Multibank has replied (doc. #15).  After reviewing the papers and hearing argument on the issue, and good cause appearing, the court hereby grants Multibank's motion.

**Background Facts**

This case stems from a loan agreement that the Saunders entered into with Silver State Bank for $2,225,000 to construct a residence on the property located at 2812 Coast Line Court, Las Vegas, Nevada 89117.  The loan proceeds were to be disbursed in installments, each installment contingent on the Saunders not being in default in any respect.

On September 5, 2008, the Nevada Financial Institutions Division closed Silver State Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver.  The FDIC, pursuant

**James C. Mahan**
**U.S. District Judge**

1  to its authority under the Financial Institutions Reform, Recover and Enforcement Act of 1989,

2  ("FIRREA"), transferred Silver State Bank's insured deposits to Nevada State Bank and retained

3  Silver State Bank's portfolio of mortgage and construction loans.  This portfolio included the

4  Saunders' loan.

5       For reasons that are disputed between the parties, the FDIC stopped making disbursements

6  of additional loan proceeds.  The Saunders allege that this was a default.  After failed attempts to

7  modify the loan, the Saunders stopped making regular payments on the loan.  Multibank alleges that

8  this was a default.

9       On March 17, 2010, the FDIC formed Multibank as a Delaware limited liability company.

10  The FDIC was admitted as its initial and sole member, owning a 100% equity interest in Multibank.

11  On April 1, 2010, the FDIC and Multibank entered into a Mortgage Loan Contribution and Sale

12  Agreement pursuant to which the FDIC sold in part, and contributed in part, to Multibank, and

13  Multibank purchased from the FDIC, all of the FDIC's right, title, and interest in the mortgage and

14  construction loan portfolio.  The FDIC also sold to RoundPoint Ventures I, LLC a 50% equity

15  interest in Multibank.

16       On February 18, 2011, the Saunders commenced an arbitration proceeding with the American

17  Arbitration Association ("AAA"), claiming that Multibank "breached a promissory note and loan

18  agreement by failing to pay [the Saunders'] undisbursed loan funds in the approximate amount of

19  $500,000."

20       The instant complaint and motion for preliminary injunction followed.  Multibank seeks to

21  enjoin the Saunders from arbitrating their claims until they have properly exhausted their

22  administrative remedies pursuant to FIRREA.

23                         **Discussion**

24       In order to obtain a preliminary injunction, a party must show that he has (1) a likelihood of

25  success on the merits; (2) the possibility of irreparable injury if injunctive relief is not granted; (3)

26  a balance of hardships favors granting the injunction; and (4) advancement of the public interest.

27  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1

Likelihood of Success

2         The text of FIRREA plainly states that any claim or action that asserts a right to assets of a

3 failed institution is subject to FIRREA's claims process, exhaustion requirement and jurisdictional

4 bar. *McCarthy v. FDIC*, 348 F.3d 1075, 1077 (9th Cir. 2003). "[T]he § 1821(d) jurisdictional bar

5 is not limited to claims by 'creditors,' but extends to all claims and actions against, and actions

6 seeking a determination of rights with respect to, the assets of failed financial institutions for which

7 the FDIC serves as receiver, including debtors' claims." *Id.* at 1079.  It applies to post-receivership

8 claims arising out of acts by the receiver as well as by the failed institution. *Id.* at 1081.  And, its

9 plain language "applies with equal force to a successor in interest to the failed institution."  *Aber-*

10 *Shukofsky v. JPMorgan Chase & Co.*, 755 F. Supp. 2d 441, 447 (E.D.N.Y. 2010).

11         Thus, "plaintiffs cannot claim successor liability and circumvent FIRREA's jurisdictional

12 bar and mandatory exhaustion requirement simply by directing claims against the assuming bank that

13 are encompassed by FIRREA's jurisdictional bar." *Id.* at 448 (citing *Village of Oakwood v. State*

14 *Bank & Trust Co.*, 539 F.3d 373, 386 (6th Cir. 2008).  "Where a claim is *functionally*, albeit not

15 *formally*, against a depository institution for which the FDIC is receiver, it is a 'claim' within the

16 meaning of FIRREA's administrative claims process." *American Nat. Ins. Co. v. FDIC*, 642 F.3d

17 1137, 1144 (D.C. Cir. 2011) (emphasis in original).

18         The court finds that the Saunders' claim against Multibank before AAA is a "claim" under

19 FIRREA.  The Saunders seek payment from, and a determination of rights with respect to, a loan.

20 This loan was an asset of Silver State Bank and was acquired by the FDIC through Multibank.  Thus,

21 § 1821(d)(13)(D)(i) of FIRREA applies.  Moreover, the Saunders' allege wrongdoing on the part of

22 the FDIC.  Thus, § 1821(d)(13)(D)(ii) applies because the Saunders' claim relates to alleged acts or

23 omissions of the FDIC as receiver.

24         Because the Saunders' claims fall within the purview of FIRREA, they are subject to the

25 claims process, exhaustion requirements, and jurisdictional bar of § 1821(d).

26

Irreparable Harm

27         Multibank will suffer irreparable harm if an injunction is not issued.  In the absence of an

28

**James C. Mahan**
**U.S. District Judge**

1    injunction, Multibank would be forced to spend time, money, and resources to defend an arbitration

2    proceeding that is prohibited by FIRREA. Such a harm satisfies the second factor of the preliminary

3    injunction analysis. *See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d

4    979, 985 (2d. Cir. 1997) (finding party "would be irreparably harmed by being forced to expend time

5    and resources arbitrating an issue that is not arbitrable, and for which any award would not be

6    enforceable."); *McLaughlin Gormley King Co. v. Terminix Int'l Co., L.P.*, 105 F.3d 1192, 1194 (8th

7    Cir. 1997) (upholding injunction enjoining a futile arbitration, despite "the threatened irreparable

8    harm . . . only [being] the cost of defending the arbitration and having the court set aside any

9    unfavorable award").

10            Balance of Equities

11            A preliminary injunction to stop further proceedings before AAA is just and equitable

12    because FIRREA requires the Saunders to first submit their claim and exhaust their administrative

13    remedies prior to engaging in arbitration.

14            Public Interest

15            Under the present circumstances, an injunction best serves the public interest. An injunction

16    upholds the intent and purposes underlying FIRREA.

17            Accordingly,

18            IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that Multibank's motion for

19    a preliminary injunction (doc. #10) be, and the same hereby is, GRANTED.

20            IT IS THEREFORE ORDERED that:

21    1.      Defendants Bradley K. Saunders and Stephanie A. Saunders are enjoined from

22            further pursuing their claim against Multibank before the American Arbitration

23            Association in the case of *Saunders v. Multibank 2010-1 SFR Venture, LLC*, Case

24            No. 79 516 00025 11 GLO, pending the exhaustion of the Saunders' remedies

25            pursuant to the applicable provisions of FIRREA.

26    2.      This injunction shall be effective upon the posting by Multibank 2010-1 SFR

27            Venture, LLC of a bond in the amount of $250.00

28

James C. Mahan
U.S. District Judge                                          - 4 -

3.     This court makes no ruling regarding the appropriate forum to adjudicate the
Saunders' claims once FIRREA remedies are exhausted.

DATED November 14, 2011.

_____
**UNITED STATES DISTRICT JUDGE**